IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

```
LORI J. BALLARD,                )
                                )
    Plaintiff,                  )
                                )
        v.                      )   NO. 1:05-0045
                                )
JO ANNE B. BARNHART,            )   Judge Nixon/Brown
Commissioner of Social Security,)
                                )
    Defendant.                  )
```

**TO: The Honorable John T. Nixon**

### REPORT AND RECOMMENDATION

**I.  INTRODUCTION**

      This case was referred to the undersigned for a Report and Recommendation on any dispositive motion. For the reasons stated below, the Magistrate Judge **recommends** that this case be **dismissed** for failure to prosecute and to obey Court orders.

**II. BACKGROUND**

      The plaintiff, acting pro se, filed this complaint on June 24, 2005 in forma pauperis (Docket Entry Nos. 1, 2, and 3). Subsequently, service of process was obtained and the Commissioner of Social Security filed the administrative transcript and an answer on June 29, 2005 (Docket Entry Nos. 11 and 13). A scheduling order was entered in the matter directing the plaintiff to file a motion for a judgment on the administrative record within 30 days of the entry of the order (Docket Entry No. 15). This order was entered on August 30, 2005. Thus, the plaintiff was due

to file her motion for judgment on the administrative record by September 29, 2005. Subsequently, the plaintiff retained an attorney, Mr. Joseph P. Calandriello, and he requested an extension of 60 days to November 28, 2005, in which to file his brief (Docket Entry No. 17). This motion was granted.

Unfortunately, nothing further has been heard from the plaintiff or her attorney. On February 6, 2006, the Magistrate Judge entered an order directing plaintiff's counsel to either show cause why the case should not be dismissed for failure to prosecute or to file the required brief by February 17, 2006 (Docket Entry No. 18). As of the date of this Report and Recommendation, the Magistrate Judge has received neither an explanation nor the brief. The plaintiff is now over 90 days past the original 60-day extension the plaintiff requested.

### III. LEGAL DISCUSSION

In making this recommendation, the Magistrate Judge has considered the Sixth Circuit's directions that dismissals for failure to prosecute should not be undertaken lightly, and that a four part test be applied. <u>Tetro v. Elliott Popham, Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.</u>, 173 F.3d 988, 991-92 (6th Cir. 1999). First, is the failure wilful and in bad faith; second whether it will result in prejudice to the other party; third, whether the plaintiff has been warned of possible dismissal; and fourth, consideration of less drastic action.

2

In this case, the plaintiff's actions do appear to be wilful and the plaintiff has offered no explanations of a failure to file a brief, despite being given directions to do so. There does not appear to be any particular prejudice to the other party at the present time. The plaintiff was warned of the risk of dismissal, unless a brief was filed or good cause was shown for not filing the brief. Finally, the Magistrate Judge has considered lesser sanctions by allowing the plaintiff to file the brief out of time, but the plaintiff has taken no action whatever. Accordingly, the Magistrate Judge **recommends** that this case be **dismissed.**

**IV. RECOMMENDATION**

For the reasons stated above, the Magistrate Judge **recommends** that this case be **dismissed** for failure to prosecute and to obey Court orders.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn,

3

474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 27th day of February, 2006.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

4